# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>CHESAPEAKE ENERGY CORPORATION, et al., [1]<br><br>*Debtors*. | Chapter 11<br><br>Case No. 20-33233 (DRJ)<br><br>(Jointly Administered) |
| CTF, LTD.; RONALD E. and JUDY L. CARLTON; RICHARD A. and CATHERINE A. CARLTON; BRUCE D. and CATHERINE B. CARLTON; and LAWRENCE J. FECHKO,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHESAPEAKE EXPLORATION, L.L.C.; CHESAPEAKE OPERATING, L.L.C.; ENCINO ENERGY, L.L.C.; ENCINO ACQUISITION PARTNERS, L.L.C.; and ENCINO OPERATING, L.L.C.,<br><br>*Defendants*. | Case No. 21-01019 |

### DEFENDANTS' SECOND AMENDED
### MOTION FOR ENTRY OF AN ORDER TRANSFERRING
### VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS, COMBINED WITH BRIEF IN
### SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

The above-captioned Defendants Chesapeake Exploration, L.L.C. and Chesapeake Operating, L.L.C. (collectively, "Chesapeake"), by and through their undersigned counsel, respectfully state the following in support of this motion:

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult with your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than fourteen (14) days from the date of the filing of this request for relief. You should also serve a filed-stamped copy of your response or objection to the undersigned movant's attorney and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The fourteen (14) day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

## I.    INTRODUCTION

1. By this motion, Chesapeake seeks approval of an order, substantially in the form attached hereto as Exhibit A, pursuant to U.S.C. § 1412 transferring venue in the above-captioned matter to the United States District Court for the Southern District of Texas, for automatic referral to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Houston Bankruptcy Court") in which Chesapeake's chapter 11 cases (the "Chapter 11 Cases") currently are pending.

2. *First,* the underlying action seeks remedies against the property of Chesapeake's estate, which is within the jurisdiction of the Houston Bankruptcy Court pursuant to 28 U.S.C. § 1334(e)(1).

3. ***Second***, the underlying action forms the basis of proofs of claim Plaintiffs CTF, Ltd., Ronald E. and Judy L. Carlton, Richard A. and Catherine A. Carlton, Bruce D. and Catherine B. Carlton, and Lawrence J. Fechko (collectively, "<u>Plaintiffs</u>"), have filed in Chesapeake's Chapter 11 cases and should be resolved either through or in conjunction with the claims adjudication process.

4. Transfer to the Houston Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1412 because it serves "the interest of justice or [] the convenience of the parties."

## II.   JURISDICTION

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1334(b) because this matter is related to the Chapter 11 Cases.

6. Venue in this proceeding is properly before the Houston Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory basis for the relief requested herein is 28 U.S.C. § 1412.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) because plaintiffs in the underlying lawsuit have filed proofs of claim with the Houston Bankruptcy Court, and determination of whether claims should be allowed is a core proceeding.  28 U.S.C. § 157(b)(2)(B); *see also In re G.I. Indus., Inc.*, 204 F.3d 1276, 1280 (9th Cir. 2000) ("[t]he determination of the validity of the contract for the purposes of disallowing the 502(g) based claim, is basically a non-core issue of state breach of contract being subsumed into a core proceeding (regarding allowance of claim) and thereby coming under the jurisdiction of the bankruptcy court.")

3

**III.     BACKGROUND**

9. Plaintiffs are Ohio landowners who entered into nine oil and gas leases (the "Leases") with Chesapeake in Ohio. The Leases give Chesapeake the right to produce and sell oil and gas from Plaintiffs' land. In exchange, Plaintiffs receive a royalty interest in the oil and gas produced and sold under the Leases.

10. In November 2018, Chesapeake assigned Plaintiffs' Leases, and the wells operated under them, to Encino Acquisition Partners, L.L.C. ("Encino").

11. On December 18, 2018, Plaintiffs initiated the underlying litigation against Chesapeake and Encino in the District Court of Beaver County, Oklahoma. The lawsuit sought damages for alleged past and present breach of lease and termination of lease in the future. *CTF, Ltd., et al. v. Chesapeake Exploration, L.L.C., et al.*, Case No. CJ-2018-0026.

12. The litigation proceeded until Chesapeake filed for bankruptcy on June 28, 2020.

13. Chesapeake filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of These Proceedings on July 1, 2020.

14. All Plaintiffs filed proofs of claim in Chesapeake's Chapter 11 cases.

15. Plaintiff CTF, Ltd. filed a proof of claim on October 29, 2020 for $5,165,029.04 (Claim # 12502).

16. Plaintiff Ronald E. Carlton filed a claim in Chesapeake's Chapter 11 cases on October 30, 2020 for $79,793.75 (Claim # 12746).

17. Plaintiff Judy L. Carlton filed a claim against Chesapeake's estate with the Houston Bankruptcy Court on October 30, 2020 for $79,793.75 (Claim # 12743).

4

18.     Plaintiff Richard A. Carlton filed a claim in Chesapeake's Chapter 11 cases on October 30, 2020 for $578,504.71 (Claim # 12740).

19.     Plaintiff Catherine A. Carlton filed a claim in Chesapeake's Chapter 11 cases on October 29, 2020 for $180,644.19 (Claim # 12666).

20.     Plaintiff Bruce D. Carlton filed a claim in Chesapeake's Chapter 11 cases on October 30, 2020 for $180,644.19 (Claim # 12737).

21.     Plaintiff Catherine B. Carlton filed a claim in Chesapeake's Chapter 11 cases on October 30, 2020 for $578,504.71 (Claim # 12739).

22.     Plaintiff Lawrence J. Fechko filed a claim in Chesapeake's Chapter 11 cases on October 29, 2020 for $578,932 (Claim # 12477).

**IV.     RELIEF REQUESTED**

23.     By this Motion, Chesapeake seeks entry of an Order transferring the above-captioned proceeding to the United States District Court for the Southern District of Texas, for automatic referral to the Houston Bankruptcy Court, where Chesapeake's Chapter 11 Cases are pending.

**V.     BASIS FOR RELIEF**

24.     This case should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1412.  The Houston Bankruptcy Court is overseeing Chesapeake's Chapter 11 Cases, and this case is related to the Chapter 11 Cases.

25.     This Court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.  Transfer under section 1412 should be determined on a case-by-case basis

5

and is subject to the broad discretion of the court considering the motion. See, e.g., *In re Bruno's, Inc.*, 227 B.R. 311, 324 (Bankr. N.D. Ala. 1998). Transfer pursuant to section 1412 is appropriate where it is either "in the interest of justice" or "convenient for the parties." 28 U.S.C. § 1412; *Gibbs v. Rees*, No. 3:17-cv-386, 2018 WL 1460705 at *14 (E.D. Va. 2018) ("[A] court need not find that both prongs are met to order a transfer"). Here, transfer would satisfy both prongs.

26. By filing proofs of claim, Plaintiffs submitted to the jurisdiction of the Houston Bankruptcy Court. Proofs of claim are subject to the "core" jurisdiction of the bankruptcy court, *see* 28 U.S.C. § 157(b)(2), and claimants voluntarily submit to the jurisdiction of the Bankruptcy Court when filing such claims. *See, e.g., Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims' thereby subjecting himself to the bankruptcy court's equitable power.") (citing *Granfinanciera, S.A. v. Nordberg*, 392 U.S. 33, 58-59 (1989)); *In re Adelphia Communications Corp.*, 307 B.R. 404, 418 (Bankr. S.D.N.Y. 2004) (when a creditor files a proof of claim in bankruptcy court, the creditor "submit[s] to the equitable jurisdiction of [the bankruptcy court], especially with respect to the very subject matter of their claims").

### A. The Action "Relates to" the Bankruptcy Proceedings

27. A civil case is "related to a case in bankruptcy if the outcome in the civil case 'could conceivably have any effect on the estate being administered in bankruptcy . . . if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.'"

*New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)).  The rationale for this statutory grant of "related to" jurisdiction stems from Congress's intent "to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex*, 514 U.S. at 308.

28. If Plaintiffs are successful in their suit against Encino, Encino will have a claim for monetary damages against one or more debtors, therefore "the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *Samson Res. Co. v. Occidental Energy Mktg., Inc.*, 2010 WL 11506028, at *4 (D.N.M. May 12, 2010).

29. Moreover, one of the "core proceedings" over which bankruptcy courts have jurisdiction is the allowance or disallowance of claims against the estate.  28 U.S.C. § 157(b)(2)(B).  Here, all Plaintiffs filed proofs of claim.  The Houston Bankruptcy Court will need to determine whether those claims should be allowed or disallowed.  Thus, moving this action to the Houston Bankruptcy Court will avoid duplication of efforts and the risk of inconsistent judgments.

30. Because this is a related proceeding, it should presumptively be heard by the Houston Bankruptcy Court.  *Bennett v. FCA US LLC*, 2018 WL 748505, at *2 (D. Utah Feb. 7, 2018) (granting § 1412 motion) ("Various courts have also applied a presumption that "the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction.").

    **B.**    **Transfer Serves the Interest of Justice**

31. When deciding whether a transfer under § 1412 will serve the interests of justice, courts typically consider the following seven factors:

> (a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum.

*Blanton v. IMN Financial Corp.*, 260 B.R. 257, 266 (M.D.N.C. 2001).

32. *First*, economic and efficient administration of a debtor's estate is the most important factor in determining whether transfer is appropriate. *See In re Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979) ("[T]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate."); *see also Gunner v. Anthony (in re Heritage Fin. Network, Inc.)*, 286 B.R. 381, 320 (Bankr. S.D. Ohio 2002) ("As for the interests of justice, nearly every case that has considered transfer of a bankruptcy proceeding has construed this phrase in section 1412 to give primacy to administrative matters affecting the estate."); *In re Moss*, 249 B.R. 411, 425 (Bankr. N.D. Tex. 2000) (recognizing this factor as "the most important"); *Indep. Stationers, Inc. v. Vaughn*, 2000 WL 1449854, *3 (S.D. Ind. Jan 3, 2000) (same). Transfer to the Houston Bankruptcy Court will promote economic and efficient administration of Chesapeake's estate because the facts and law underlying this dispute are identical to those underlying Plaintiffs' proofs of claim before the Houston Bankruptcy Court.

8

33. *Second*, where, as here, resolution of an action may affect the value of the bankruptcy estate, this factor weighs in favor of transfer. *See Hilton Worldwide, Inc. v. Global Benefits Administrative Committee v. Caesars Entertainment Corp.*, 532 B.R. 259, 274 (E.D. Va. 2015) (finding that "the most important factor in the § 1412 analysis—the economic and efficient administration of the estate—weighs firmly in favor of transfer" where plaintiffs' claims "would affect the value of [the debtor's] bankruptcy estate, especially given that plaintiffs are already creditors in [the debtor's] Chapter 11 case").

34. *Third*, transfer will promote economic administration of the estate and judicial efficiency by avoiding duplicative legal costs resulting from trying the same issues in this Court and in the Houston Bankruptcy Court. *See Gibbs*, 2018 WL 1460705 at *14 (transfer would promote the economic and efficient administration of the bankruptcy estate where the parties would need to litigate related issues in the transferor court and in the bankruptcy court); *Hilton*, 532 B.R. at 274 ("[J]udicial efficiency is served by litigating the same legal issues only once, instead of duplicatively litigating [the same issues] in two different fora."); *Shared Network Users Group, Inc. v. WorldCom Technologies, Inc.*, 309 B.R. 446, 448 (E.D. Pa. 2004) ("the overwhelmingly significant factor, outweighing all others, is the judicial economy to be achieved in having the entire controversy decided in one forum, in this case the bankruptcy court which is already administering the WorldCom bankruptcy. If we ruled otherwise, it is inevitable that proceedings will be delayed and to some extent duplicated for a tremendous waste of time and money for all concerned.").

35. *Fourth*, the ability to receive a fair trial will not be impacted by transfer to the Houston Bankruptcy Court, as that court is equally able to provide a fair trial to all parties.

36. *Fifth*, this is not an Oklahoma local controversy. Though Chesapeake is an Oklahoma corporation, the wells at issue are located in Ohio, as are the Plaintiffs. Oklahoma law does not control, as the leases at issue specify that any disputes shall be heard under Ohio law. *See* Lease at Art. VII, § 3 (The Leases "shall be governed in accordance with the laws of the State of Ohio."). Finally, Chesapeake can produce—and indeed, has produced—corporate witnesses before the Houston Bankruptcy Court despite being an Oklahoma corporation.

37. *Sixth*, any judgment rendered will be enforceable before the Houston Bankruptcy Court, as that court is overseeing Chesapeake's Chapter 11 cases.

38. *Seventh*, Plaintiffs' choice of forum should receive little deference here. Plaintiffs' choice of forum was not this Court, but the District Court for Beaver County—despite this case having absolutely no relationship to Beaver County. Moreover, "[t]he weight normally attached to the plaintiff's choice of forum is effectively cancelled out by the presumption that the proceeding should be heard in the same district as the underlying bankruptcy." *Norkin v. DLA Piper Rudnick Gray Cary, LLP*, 2006 WL 839079, at *6 (S.D.N.Y. Mar. 31, 2006) (internal quotations omitted). Additionally, when a plaintiff chooses a forum with no meaningful connection to the dispute (as Plaintiffs here have done), the plaintiff's choice of forum is entitled to minimum deference. *Epple v. BNSF Ry.*, No. CIV-15-1357-M, 2016 WL 3172914, at *5 (W.D. Okla. June 6, 2016) ("[C]ourts

[] accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." (second set of brackets in original) (citation omitted)); *see also Pendarvis v. ConocoPhillips Pipe Line Co.*, No. CIV-08-467-JHP, 2009 WL 1043973, at *2 (E.D. Okla. Apr. 17, 2009) (plaintiff's choice of venue "entitled to only minimal consideration" because she did not bring the action in the judicial district where she resided (citation omitted)). In fact, where, as here, a plaintiff brings suit in a forum where they do not reside, their choice "will be given close scrutiny." *Pendarvis*, 2009 WL 1043973, at *2 (citation omitted).

### C. Transfer Serves the Convenience of the Parties

39. Transfer serves the convenience of the Parties. The only party with ties to Oklahoma is Chesapeake, and it would be more convenient for Chesapeake to have this case heard as part of the Chapter 11 cases before the Houston Bankruptcy Court. Transfer will not inconvenience Plaintiffs because they are located in Ohio, not Oklahoma. Further, the Houston Bankruptcy Court has conducted proceedings remotely due to COVID-19. It is therefore unlikely that transfer would meaningfully impact the convenience of or costs associated with witnesses.

40. Further, the availability of subpoena power would not be affected by transfer. Pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, the subpoena power of each respective Court is the same.

## VI. ALTERNATE BASES

41. Even if this is not a core proceeding pursuant to pursuant to 28 U.S.C. § 157(b)(2)(B), this Court may still choose to hear it as a non-core proceeding. Chesapeake would consent, pursuant to 28 U.S.C. § 157, to the Houston Bankruptcy Court entering a final order in this case.

42. Further, even as a non-core proceeding this case should be transferred to the Houston Bankruptcy Court because both the interest of justice and the convenience of the parties favor transfer. 28 U.S.C. § 1404.

## VII. CONCLUSION

43. Accordingly, transfer to the Houston Bankruptcy Court would serve both the convenience of the parties and the interests of justice.  For the foregoing reasons, the Chesapeake respectfully requests that this Court enter an order pursuant to 28 U.S.C. § 1412 transferring the Action to the Southern District of Texas and granting such other relief as the Court deems just and proper.

## VIII. NO PRIOR REQUEST

44. No prior motion transfer to the Houston Bankruptcy Court has been made to this or any other court.

March 23, 2021

/s/ *Ross A. Plourde*
Ross A. Plourde (OBA #7193)
Tim J. Bomhoff (OBA #13172)
MCAFEE & TAFT A Professional Corporation
Eight Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73105
Tel: ( 405) 235-9621
Fax: (405) 235-0439
ross.plourde@mcafeetaft.com
tim.bomhoff@mcafeetaft.com

David K. Petty (OBA #7095)
DAVID K. PETTY, PLLC
P.O. Box 1187
310 Northwest Fifth Street
Guymon, OK 73942
Telephone: (530) 338-5484
Facsimile: (580) 338-0066
Email: petty1@pettylawoffice.com

Daniel T. Donovan
Ragan Naresh
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5200
Daniel.donvovan@kirkland.com
ragan.naresh@kirkland.com

*Attorneys for Defendants Chesapeake Exploration, L.L.C. and Chesapeake Operating, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Oklahoma.

In addition, for those not a party of record, I hereby certify that on March 23, 2021, I caused a true and correct copy of the foregoing document was forwarded via U.S. First Class Mail Postage Prepaid to the following:

Jesse R. Pierce
PIERCE & O'NEILL, LLP
4203 Montrose Boulevard
Houston, TX 77006
*Attorney for Encino Energy, L.L.C.,*
*and Encino Acquisition Partners, L.L.C.*

Rex A. Sharp OBA
Barbara C. Frankland OBA #33102
SHARP LAW, LLP
5301 W. 75th Street
Prairie Village, KS 66208
*Attorneys for Plaintiffs*

*/s/ Ross A. Plourde*
Ross A. Plourde