IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CHESAPEAKE ENERGY CORPORATION, et al., | ) ) | Case No. 20-33233 (DRJ) Southern District of Texas |
| Debtors | ) ) | (Jointly Administered) |
| CTF, LTD.; RONALD E. and JUDY L. CARLTON; RICHARD A. and CATHERINE A. CARLTON; BRUCE D. and CATHERINE B. CARLTON; and LAWRENCE J. FECHKO, | ) ) ) ) ) ) | Adversary No. 21-01019 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CHESAPEAKE EXPLORATION, L.L.C., CHESAPEAKE OPERATING, L.L.C, and their affiliated entities, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' COMBINED MOTION TO DISMISS ACTION
PURSUANT TO FED. R. CIV. P. 41(a)(2), BRIEF IN SUPPORT,
AND NOTICE OF OPPORTUNITY FOR HEARING**

Plaintiffs, CTF, LTD., Ronald E. Carlton and Judy L. Carlton, Richard A. Carlton and Catherine A. Carlton, Bruce D. Carlton and Catherine B. Carlton and Lawrence Fechko ("Plaintiffs") hereby move the Court pursuant to Fed. R. Civ. P. 41 made applicable to this action by Fed. R. Bankr. P. 7041 to dismiss this action. In support of this Motion, Plaintiffs state as follows:

1. On December 18, 2018, Plaintiffs filed their Petition against Chesapeake Exploration, LLC, Chesapeake Operating, LLC, Encino Energy, LLC, Encino Acquisition Partners, LLC, and Encino Operating, LLC.

2.	On or about March 6, 2019, Chesapeake Exploration, LLC and Chesapeake Operating, LLC ("Chesapeake Defendants") filed an Answer to Plaintiffs' Petition.

3.	On June 28, 2020, Chesapeake Energy Corporation and many of its affiliates, including the two named Chesapeake Defendants, filed a Chapter 11 bankruptcy petition in the United States District Court for the Southern District of Texas (the "Chesapeake Bankruptcy"). As of that date, Plaintiffs' claims against the Chesapeake Defendants were stayed.

4.	On September 1, 2020, the Oklahoma District Court for Beaver County entered a Journal Entry that severed Plaintiffs' claims against Encino Energy, LLC, and Encino Acquisition Partners, LLC ("Encino Defendants") from Plaintiffs' claims against the Chesapeake Defendants.[1] The Journal Entry specified that Plaintiffs' claims against the Chesapeake Defendants remained stayed pursuant to 11 U.S.C. § 362.

5.	On February 26, 2021, the Chesapeake Defendants filed a Notice of Removal and removed this action that is currently pending.

6.	Plaintiffs do not desire to pursue the claims asserted herein against the Chesapeake Defendants and seek to dismiss this case.[2] Each Plaintiff has filed a Notice of Withdrawal of Claim in the Chesapeake Bankruptcy to make clear they seek no recovery from the Chesapeake Defendants or the estate. Indeed, Chesapeake maintains the confirmed Plan of Reorganization discharged and enjoined Plaintiffs' prepetition claims against Chesapeake so

---

[1] Plaintiffs' claims against the non-debtor Encino Defendants were severed into a separate state court proceeding, Case No. CJ-2018-00026A (the "Severed Case Against Encino") which has been removed to this court as Adv. Case No. 21-01021.

[2] In the caption of the case removed by the Chesapeake Defendants, the Encino Defendants are identified as parties. The Encino Defendants are no longer parties to this action as Plaintiffs' claims against the Encino Defendants were severed into a separate action. *See* note 1, *supra*. Nothing herein alters or affects Plaintiffs' claims asserted in the Second Amended Petition against the Encino Defendants in the Severed Case Against Encino.

Plaintiffs no longer have any claims against the Chesapeake Defendants to be asserted in this Adversary Proceeding.[3]

7. Federal Rule of Civil Procedure 41, made applicable to this action by Fed. R. Bankr. P. 7041, provides that an action may be dismissed without a court order if a notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment or a stipulation of dismissal signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1). The Chesapeake Defendants have served an answer in the underlying state court action and Plaintiffs do not believe that Chesapeake will stipulate to dismissal of this action.

8. Rule 41 further provides that a case may be voluntarily dismissed by court order "at the plaintiff's request only by court order, on terms that the court considers proper." *See Frank v. Crawley Petroleum Corp.,* No. 20-6018, --- F.3d ----, 2021 WL 1166396 (10th Cir. Mar. 29, 2021) (no conditions were permitted on dismissal, absent showing of legal prejudice to defendant).

9. Plaintiffs hereby seek an order of this Court dismissing this action with each party to bear its own fees and costs

WHEREFORE, based on the foregoing, Plaintiffs request that this Court enter an order dismissing this action pursuant to Fed. R. Civ. P. 41 and Fed. R. Bankr. P. 7041.

---

[3] *Chesapeake's Opposition to Plaintiffs' Combined Motion to Abstain, Sever, and Remand and Brief in Support,* Adv. No. 21-01021, Dkt. No. 32 at ECF 9 ("the Plan provides that upon the effective date of the Plan, all claims and causes of action arising prior to the effective date shall be discharged and all parties shall be enjoined from pursuing such claims and causes of action. Ex. K (Plan) at Art. VII, §§ A, F.); *see id.* at 15 ("the Court-approved Plan, which discharges Plaintiffs' claims against Chesapeake. . . and enjoins Plaintiffs from pursuing their prepetition claims. . .").

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

Dated: April 14, 2021

Respectfully submitted,

/s/ Gary M. McDonald
Gary M. McDonald, OBA No. 5960
Mary E. Kindelt, OBA No. 21728
McDonald & Kindelt, LLP
Bank of America Tower
15 West Sixth Street, Suite 2606
Tulsa, OK 74119
(918) 430-3700 – telephone
(918) 430-3770 – facsimile
gmcdonald@mmmsk.com
mkindelt@mmmsk.com

*Attorneys for CTF, Ltd., Ronald E. and Judy L. Carlton, Richard A. and Catherine A. Carlton, Bruce D. and Catherine B. Carlton, and Lawrence J. Fechko*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 14, 2021, a true and correct copy of the foregoing pleading was served electronically on participants in the CM/ECF system according to local procedures.

/s/ Gary M. McDonald