# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION, et al.,[1] | Case No. 20-33233 (DRJ) |
| *Debtors*. | (Jointly Administered) |
| CTF, LTD.; RONALD E. and JUDY L. CARLTON; RICHARD A. and CATHERINE A. CARLTON; BRUCE D. and CATHERINE B. CARLTON; and LAWRENCE J. FECHKO, | |
| *Plaintiffs*, | Adversary No. 21-01019 |
| v. | |
| CHESAPEAKE EXPLORATION, L.L.C., CHESAPEAKE OPERATING, L.L.C., and their affiliated entities, | |
| *Defendants*. | |

## CHESAPEAKE'S RESPONSE TO PLAINTIFFS' COMBINED MOTION TO DISMISS ACTION, BRIEF IN SUPPORT, AND NOTICE OF OPPORTUNITY FOR HEARING

The above-captioned Defendants (collectively, "Chesapeake") submit this Response to Plaintiffs' Combined Motion to Dismiss Action, Brief in Support, and Notice

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

of Opportunity for Hearing (ECF No. 12).[2]  Chesapeake does not oppose dismissal with prejudice so long as any such dismissal makes clear that Plaintiffs may not seek damages from the period during which Chesapeake owned the Leases at issue, whether directly from Chesapeake or indirectly.  Otherwise, Plaintiffs' dismissal is plainly an attempt to deprive the Houston Bankruptcy Court overseeing Chesapeake's chapter 11 cases of jurisdiction in order to allow Plaintiffs to recover from Chesapeake via Encino.  *See Chesapeake Exploration, LLC et al. v. CTF, Ltd., et al*, Case No. 5:21-ap-01021 (W.D. Oka.), ECF No. 1-5 (Encino's Third Party Petition for indemnification against Chesapeake).

A voluntary motion to dismiss under Fed.R.Civ.P. 41(a)(2) is addressed to the sound discretion of the court and a ruling on such a motion is reviewed for an abuse of discretion. *Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir.1988).  "A plaintiff does not have an absolute right to dismiss…"  *Chase v. Ware*, 41 F.R.D. 521 (N.D.Okl. 1967).  "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'"  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993), *quoting Barber v. General Electric Co.*, 648 F.2d 1272, 1275 (10th Cir.1981).

In this case, Plaintiffs seek to dismiss their direct claims against Chesapeake, while continuing to pursue against Encino those very same claims (to the extent they relate to the time when Chesapeake owned the Leases).  The obvious outcome of that tactic is that if

---

[2] "Plaintiffs" refers collectively to CTF, Ltd., Ronald E. and July L. Carlton, Richard A. and Catherine A. Carlton, Bruce D. and Catherine B. Carlton, and Lawrence J. Fechko.

the Plaintiffs prevail against Encino, Encino will pursue its claim for indemnification against Chesapeake, and the entire issue of Encino's liability to Plaintiffs will potentially need to be litigated all over again, resulting in (i) a waste of judicial resources, (ii) impaired ability of the Chesapeake and Encino to secure the necessary witnesses used by Plaintiffs in presenting their case, and (iii) potential inconsistent results. Consequently, allowing Plaintiffs to dismiss their claims against Chesapeake, while preserving their claims against Encino for which Encino has sought indemnification from Chesapeake, cannot help but result in prejudice to the valid interests of Chesapeake and Encino.

Chesapeake does not oppose voluntary dismissal with prejudice so long as Plaintiffs' claims seeking damages for the time period during which Chesapeake owned the Leases are dismissed, whether Plaintiffs are seeking damages directly from Chesapeake or indirectly from Chesapeake through Encino. But to the extent Plaintiffs seek to preserve those claims and assert them through Encino, Chesapeake urges the Court to deny Plaintiffs' Motion.

April 28, 2021

*/s/ Ross A. Plourde*
Ross A. Plourde (OBA #7193)
Tim J. Bomhoff (OBA #13172)
MCAFEE & TAFT A Professional Corporation
Two Leadership Square, 8TH Floor
211 N. Robinson Avenue
Oklahoma City, OK 73105
Tel: (405) 235-9621
Fax: (405) 235-0439
ross.plourde@mcafeetaft.com
tim.bomhoff@mcafeetaft.com

David K. Petty (OBA #7095)
DAVID K. PETTY, PLLC
P.O. Box 1187
310 Northwest Fifth Street
Guymon, OK 73942
Telephone: (530) 338-5484
Facsimile: (580) 338-0066
Email: petty1@pettylawoffice.com

Daniel T. Donovan
Ragan Naresh
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5200
daniel.donovan@kirkland.com
ragan.naresh@kirkland.com

*Attorneys for Defendants Chesapeake Exploration, L.L.C. and Chesapeake Operating, L.L.C.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Oklahoma.

                                                    */s/ Ross A. Plourde*
                                                    Ross A. Plourde