IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CHESAPEAKE ENERGY CORPORATION, | ) | Case No. 20-33233 (DRJ) |
| et al., | ) | Southern District of Texas |
|    Debtors | ) | |
| | ) | (Jointly Administered) |
| CTF, LTD.; RONALD E. and JUDY L. CARLTON; RICHARD A. and CATHERINE A. CARLTON; BRUCE D. and CATHERINE B. CARLTON; and LAWRENCE J. FECHKO, | ) ) ) ) ) ) | Adversary No. 21-01019 |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHESAPEAKE EXPLORATION, L.L.C., CHESAPEAKE OPERATING, L.L.C, and their affiliated entities, | ) ) ) | |
| | ) | |
|    Defendants. | ) | |

**PLAINTIFFS' COMBINED REPLY IN SUPPORT OF
MOTION TO DISMISS ACTION PURSUANT TO FED. R. CIV. P. 41(a)(2)**

Dismissal is warranted because, as Chesapeake admits, there are no claims against any party to this Adversary Proceeding.[1] Further, Chesapeake has no legitimate basis to ask this Court to condition dismissal of this Adversary Proceeding upon partial dismissal of Plaintiff's claims against non-Debtors Encino Energy, L.L.C. and Encino Acquisition Partners, L.L.C. ("Encino"). Encino is not a party to this Adversary Proceeding, and Plaintiffs' claims against Encino are not before this Court.

---

[1] *See* Plaintiffs' Combined Motion to Dismiss Action Pursuant to FED. R. CIV. P. 41(a)(2) [Dkt. No. 12] at ECF 2 – 3, ¶ 6 ("Chesapeake maintains the confirmed Plan of Reorganization discharged and enjoined Plaintiffs' prepetition claims against Chesapeake so Plaintiffs no longer have any claims against the Chesapeake Defendants to be asserted in this Adversary Proceeding.")

Plaintiffs' claims against Encino are pending before Judge Janice D. Loyd in Adv. Case No. 21-01021. Chesapeake Exploration, L.L.C. is the party that brought that case before Judge Loyd.[2] *See Chesapeake's Notice of Removal*, Adv. Case No. 21-01021, Dkt. No. 1. Chesapeake's arguments about Plaintiffs' claims against Encino have been fully briefed in Adv. Case No. 21-01021.[3] Those issues should be decided where the claims are pending—Adv. Case No. 21-01021—not here.

Given the factual backdrop, dismissal should be granted here without conditions. Rule 41(a)(2) "permits a district court to dismiss an action . . . upon such terms and conditions as the court deems proper." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (internal quotations omitted). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id.* "[T]he district court, however, should impose only those conditions which actually will alleviate harm to the defendant." *Id.* Where the prejudice identified is "equally present . . . regardless of whether the court grant[s] the motion for voluntary dismissal," the dismissal cannot be the source of the prejudice. *See Frank v. Crawley Petroleum Corp.,* No. 20-6018, --- F.3d ----, 2021 WL 1166396 (10th Cir. Mar. 29, 2021) (reversing district court's conditions on voluntary dismissal).

---

[2] Prior to removal, Plaintiffs' claims against Encino were severed into a separate state court proceeding, Case No. CJ-2018-00026A. Chesapeake Exploration, L.L.C. became a party there when Encino filed a Third-Party Petition against various Chesapeake entities seeking to enforce an indemnity agreement between Encino and various Chesapeake entities. Chesapeake Operating, L.L.C. was not named in the Third-Party Petition because it is not a signatory to the agreement containing the indemnity provision. To be clear, Plaintiffs assert no claims against Chesapeake in Adv. Case No. 21-01021.

[3] The parties' briefing in Adv. Case No. 21-01021 on *Chesapeake's Amended Motion for Entry of an Order Transferring Venue to the Bankruptcy Court for the Southern District of Texas* is at Dkt. Nos. 15, 34, and 35 and on *Plaintiffs' Combined Motion to Abstain, Sever, and Remand* is at Dkt. Nos. 16, 17, 21, 31, 32, and 33. *See also Order Denying Motion to Strike Plaintiffs' Combined Motion to Abstain, Sever, and Remand*, Adv. Case No. 21-01021, Dkt. No. 46.

Here, the type of prejudice that dismissal conditions are designed to alleviate—i.e., prejudice the defendant might suffer upon refiling of the action—does not exist. Plaintiffs' claims against Chesapeake have been discharged and Plaintiffs are enjoined from pursuing them. Moreover, the "prejudice" Chesapeake identifies is equally present regardless of whether this Court grants Plaintiffs' motion for voluntary dismissal. The issues Chesapeake asks this Court to decide on cursory briefing and without the presence of a necessary party (Encino) have been fully briefed by Plaintiffs, Chesapeake, and Encino in Adv. Case No. 21-01021. Whatever actions Encino may take because of Judge Loyd's rulings in that proceeding will occur regardless of whether this proceeding is dismissed. Indeed, Chesapeake invites the very prejudice it alleges—inconsistent results—by asking this Court to pass on the issues pending in Adv. Case No. 21-01021. Dismissal will cause no prejudice to Chesapeake and, therefore, Plaintiffs' Combined Motion to Dismiss Action Pursuant to FED. R. CIV. P. 41(a)(2) [Dkt. No. 12] should be granted without conditions.

Dated: May 3, 2021

Respectfully submitted,

*/s/ Gary M. McDonald*
Gary M. McDonald, OBA No. 5960
Mary E. Kindelt, OBA No. 21728
McDonald & Kindelt, LLP
Bank of America Tower
15 West Sixth Street, Suite 2606
Tulsa, OK 74119
(918) 430-3700 – telephone
(918) 430-3770 – facsimile
gmcdonald@mmmsk.com
mkindelt@mmmsk.com

*Attorneys for CTF, Ltd., Ronald E. and Judy L. Carlton, Richard A. and Catherine A. Carlton, Bruce D. and Catherine B. Carlton, and Lawrence J. Fechko*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 3, 2021, a true and correct copy of the foregoing pleading was served electronically on participants in the CM/ECF system according to local procedures.

*/s/ Gary M. McDonald*